### ROSEBERRY v. THOMAS.
### No. 5043.

Court of Appeal of Louisiana.
Second Circuit.

May 2, 1935.

Langston & Thomas, of Minden, for appellant.

A. S. Drew, of Minden, for appellee.

MILLS, Judge.

On January 29, 1918, W. B. Roseberry contracted with B. F. T. Thomas to sell to him 60 acres of land in Webster parish. The instrument provides:

"The condition of this contract is that I, B. F. T. Thomas, agree to pay to W. B. Roseberry the sum of Fourteen Hundred and Forty ($1440.00) Dollars represented by three notes bearing even date with this contract, payable as follows: one note for Four Hundred and Eighty Dollars ($480.00) due November 15th, 1918. One note for Four Hundred Eighty Dollars ($480.00) due November 15th, 1919, and one note for Four Hundred and Eighty Dollars ($480.00) due November 15th, 1920.

"Now I, W. B. Roseberry, bind myself, my heirs and assigns to make the said B. F. T. Thomas a full warranty deed to the above described land when the said B. F. T. Thomas pays the above notes in full."

The contract is silent as to the payment of taxes, improvements put upon the land, and the disposition of any sums paid in the event the contract is not carried out.

On November 20, 1934, Roseberry brought this suit, setting out the above contract and its recordation in Webster parish on August 29, 1924; that, though demanded, defendant has failed to pay the balance on said contract of $850; that the recorded contract operates as a cloud on and slander of plaintiff's title, and should be canceled and erased for nonper-

formance, and because more than ten years have elapsed since its recordation. In the alternative, he prays that if the court finds that defendant is entitled to further time in which to pay the balance, that not more than ten days be allowed. Plaintiff alleges the failure of defendant to pay taxes or any rentals, and reserves the right to sue for same without stating the amount of either.

Defendant pleads prematurity on the ground that the petition admits the payment of a portion of the purchase price; that plaintiff has not pleaded any offset to same, and is without right to demand the annulment of the contract without first offering to return the portion of the purchase price which he has admittedly received. This exception being overruled, defendant answered, with reservation of his rights under the exception, alleging the payment in full of the first note on May 29, 1919, and of the second note on August 10, 1928; that he has paid in all more than $1,400 on said contract; that in addition he has made improvements at a cost of $750; that he is not obligated to pay any rent or taxes; that the contract contains no provision for its termination for failure to pay the notes. He prays that plaintiff's demand be rejected, but that if his alternative demand is granted, that six months be given in which to pay any balance found due.

As we construe the answer, it constitutes a plea of payment, with the alternative plea that, if payment in full is not proven, defendant be allowed six months to pay the balance found due.

There is no conflict in the testimony adduced at the trial. It is shown that defendant went into possession of the land at the time the contract was entered into, and enjoyed same to the day of trial without the payment of any rent or taxes. That the first two notes were paid as alleged, but that nothing has been paid on the third note. That he, claiming to own the land, received from the government its plow-up rentals. That this action precipitated the suit. No proof was offered as to the improvements.

The lower court rendered judgment in favor of plaintiff ordering defendant to pay to him $780.45 within 30 days after the judgment becomes final, in default of which the contract is ordered annulled, canceled, and erased from the records.

From this judgment defendant perfected only a devolutive appeal. The judgment, being accordingly executory after the expiration of the time allowed for the payment of the balance found due, upon motion of plaintiff in the lower court, was executed by the rendering of a supplemental judgment ordering the annulment, cancellation, and erasure of the contract, and the issuance of a writ of possession to plaintiff. Whereupon, plaintiff filed in this court a motion to dismiss the appeal on the ground that this judgment, concluding all issues, having been executed, there remains for consideration here nothing but moot questions.

The record shows that February 18, 1935, was fixed as the return day, and that the transcript was lodged here on that date. That since, on March 19, 1935, the court rendered the final judgment referred to above. This judgment disposes of all the issues, has not been appealed from, has become exigible, and has been executed. Having been rendered after the present appeal was taken and perfected, it is not affected thereby. As the appeal before us is on the preliminary judgment, it presents only moot questions which we cannot pass upon. Olson v. American Guaranty Co., 152 La. 1021, 95 So. 109.

The appeal is accordingly dismissed.

Drew, J., recused.